**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**
**CIVIL ACTION NO. 4:22-CV-00117-JHM-HBB**

**LAMONE LAUDERDALE**                                                      **PLAINTIFF**

**VS.**

**AMY BRADY, et al.**                                                      **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's motion to compel (DN 120).  For convenience of reference, the parties will be referenced in two groups.  The "QCC Defendants" are Quality Correctional Care, Harris, Lamar, Troost, and Weber.  The "County Defendants" are Vaught, Hendricks, Gibson, Payne, Jay, and Brickner.  Defendants filed responses (DN 127 & 128).  The undersigned directed Defendants to provide copies of the discovery responses in question as they were not attached to the motion as exhibits, and the County Defendants have done so (DN 138).  It appears Plaintiff did provide copies at the time he filed his motion; however, they were docketed as discovery requests rather than exhibits to his motion (*see* DN 121 & 122).  Moreover, the responses filed along with the requests do not match the requests.  Compounding the difficulty in reconciling the discovery requests and the responses is that Defendants failed to comply with LR 26.1(a) which requires that "the responding party must repeat the question or request immediately before the answer or objection."  Failure to do so requires the Court to cross reference between two pleadings to determine the question and answer.  Plaintiff has filed a Reply (DN 144).

Before addressing the motion at hand, the Court will recap the relevant proceedings in the case.  Plaintiff's original complaint was filed on August 25, 2022 (DN 1).  The scheduling order required that he complete discovery by June 12, 2023 (DN 58).  On May 18, 2023, the Court entered an Order allowing him to amend his complaint to add additional defendants and claims

(DN 57).  On July 13, 2023, the undersigned conducted a telephonic hearing to address several pending motions in the case (DN 82).  Lauderdale had moved for an order compelling discovery, contending that Defendants' responses to his discovery requests were deficient.  The undersigned concluded that, because Lauderdale was dissatisfied with the initial responses to discovery requests, he had re-propounded a largely duplicative second set.  When Defendants objected on that basis, he re-propounded a third set, again largely duplicative.  Of note, none of the requests or responses were filed of record for review.  In the interest of simplifying the resolution of the matter, the undersigned denied the motion as moot and established a structure intended to ensure a clear understanding of the status of discovery.[1]  Lauderdale was directed to send Defendants a comprehensive list of prior discovery requests to which he believed the responses were not adequate (Id.).  The undersigned emphasizes that the discovery in question was that which had *already* been propounded to the Defendants named in the original Complaint (DN 1), as discovery in the case had closed by operation of DN 58.  Within 14 days of receipt of Lauderdale's list, Defendants were to respond with provisions of the information and/or objections.  In the event Lauderdale was dissatisfied with the response, he was granted leave to file a motion to compel, attaching his letter to Defendants and their response (Id.).  This structure did not apply to Plaintiff's claims set forth in his amended complaint (DN 78) against the subsequently-added defendants, for which a deadline of September 29, 2023 was set (DN 96).

The Court implemented this plan to avoid the daunting task of resolving Plaintiff's complaints about Defendants' discovery responses in light of the multiplicity of discovery requests and motions to compel, which often did not specify the question or the answer or even identify which particular discovery submission is at issue.  The objective was to have Plaintiff distill all of

---

[1] "District Courts have broad discretion under the rules of civil procedure to manage the discovery process and control their dockets."  Marie v. Am. Red Cross, 771 F.3d 344, 366 (6th Cir. 2014).

his complaints about previously-submitted discovery into a single document which Defendants could review and then respond to.  If Plaintiff was dissatisfied with the response, he was to submit his letter and the response for ruling and all of Plaintiff's discovery requests and all of Defendants' responses would be contained in a single set of questions and answers.  Plaintiff was still entitled to submit discovery requests to the Defendants named in the Amended Complaint, as the deadline for discovery on those claims had not expired.

It does not appear Plaintiff complied with the process set forth in DN 82 but has instead identified previously submitted discovery requests and responses as the subject of the present motion.  His motion is predicated upon discovery requests dated December 5, 2022 (DN 121 & 122).

<u>Requests for Production of Documents Directed to the County Defendants</u>

Plaintiff appears to reference Requests for Production of Documents he submitted to Defendants on December 5, 2022 (DN 121), and to which the County Defendants responded on February 4, 2023 (DN 137-3).

<u>Request for Production 1</u>

Plaintiff requested production of "complete jail records" regarding himself (DN 120-2 PageID # 1190).  Defendants responded that they had produced all records in their Certification of Pretrial Production of Documents.  Plaintiff disagrees, stating that he was not provided his property inventory logs, receipts of his personal property being mailed after transfer, documents verifying his request for protective custody, his legal mail logs, and his intake documentation.

The undersigned will deny the motion to compel on this Request for Production for two reasons.  First, Defendants have represented, and as evidenced by the signature of their counsel in conformance with Fed. R. Civ. P. 26(g), that Defendants have provided all requested information.

Where "Defendants state that they have nothing more to produce in response to this request; therefore, there is nothing to compel." <u>Steinbach v. Credigy Receivables, Inc.</u>, No. 05-114-JBC, 2006 U.S. Dist. LEXIS 20083, at *23 (E.D. Ky. Apr. 14, 2006). Second, Plaintiff asked for "complete jail records" regarding himself. Fed. R. Civ. P. 34(b)(1)(A) requires that requests for production describe what is sought "with reasonable particularity" each item or category sought. "The test for reasonable particularity is whether the request places a party upon reasonable notice of what is called for and what is not." <u>Locke v. Swift Transp. Co. of Ariz.</u>, LLC, No. 5:18-CV-119, 2019 U.S. Dist. LEXIS 17412, at *2 (W.D. Ky. Feb. 4, 1019) (cleaned up). A request for "complete" records does not set forth a request with reasonable particularity. While Plaintiff has included in his motion a list of documents he thinks should have been included in Defendants' responses, he failed to identify these documents with reasonable particularity in his request, which is all that Defendants are required to respond to. This portion of the motion to compel is **DENIED**.

<u>Request for Production 2</u>

Plaintiff requested all grievances he filed with the jail, and any responses. Defendants responded that they provided him the information with their Certification of Pretrial Production of Documents. Plaintiff complains that Defendants provided him the information on a flash drive and "not on paper as requested for ready access" (DN 120-2 PageID # 1190). However, Plaintiff did not specify in the request that the documents be provided on paper. Rule 34(b)(2)(E)(ii) provides that where electronically stored documents are provided, and the request does not specify a form for production, they must be produced in the form in which it is usually retained or in a reasonably usable form or format. Plaintiff has only voiced inconvenience in utilizing the production in electronic format, not that it is not reasonably usable. He also contends that he did

4

not receive all the documents he requested, but, again, Defendants have stated they have fully complied.  This portion of the motion to compel is **DENIED**.

### Request for Production 4

Plaintiff requested that Defendants provide him with the full name of each individual, employer, employee, or contractor "with involvement or knowledge of Plaintiff's claims" (DN 120-2 PageID # 1191).  Defendants responded that they had produced the names in their production of documents.  Plaintiff complains that Defendants only produced part of what he requested.  The undersigned observes that Plaintiff made a request for specific information, and Defendants responded with a blanket response that, essentially, whatever he sought could be found somewhere in the documents they had already provided.  This is the sort of "figure it out for yourself" response that the undersigned has criticized in the past.  *See e.g.* Garrison v. Sam's East, Inc., No. 1:16-CV-00152-GNS, 2018 U.S. Dist. LEXIS 227108, at *7 (W.D. Ky. May 24, 2018).  The undersigned has no way of knowing what was or was not produced, but Defendants' response does not fairly meet the inquiry.  For this reason, this portion of the motion to compel is **SUSTAINED**, and Defendants are directed to provide the specific information requested.

### Request for Production 6

Plaintiff requested copies of all policies, procedures, rules, regulations, and customs of the Henderson County Detention Center.  Defendants responded, "See General Objections."  The general objections to which they reference set forth at least eleven different objections related to the breadth of requests, privilege, relevance, or the current posture of the case.  Not all those objections can apply to a request for production of the detention center's policies and rules.  The response is not a good-faith effort to either produce the requested information or specify a basis for objection.  "Usage of boilerplate objections to interrogatories and request for production is not

permitted under the Federal Rules of Civil Procedure."  Burrell v. Duhon, No. 5:18-CV-00141-TBR-LLK, 2019 U.S. Dist. LEXIS 179525, at *11 (W.D. Ky. Oct. 17, 2019).  Use of boilerplate objections violates Fed. R. Civ. P. 34(b)(2)(B)'s requirement that objections to requests for production "state with specificity" the grounds for objecting to the request.  Id. at *12.  This portion of Plaintiff's motion to compel is **SUSTAINED**.  Defendants must specify the objection lodged.

<u>Request for Production 9</u>

Plaintiff requested "all camera review of incidents involving Plaintiff" (DN 120-2 PageID # 1192)  Defendants responded, "See General Objections."  In his motion, Plaintiff discusses Defendants' failure to provide video for specific dates.  His request for production does not specify any dates, it simply asks for "all."  Moreover, he states that he was provided video on a flash drive but indicates that he has been unable to review the video because of technical issues (Id. at PageID # 1193).  He also states that he asked for photographs, which were not produced.  No such request is reflected in Request for Production 9.  Again, resolution of Plaintiff's motion is confounded by his failure to specify the pleading in which the requests was made (Id.).  Nonetheless, reference to a general boilerplate objection does not fairly apprise Plaintiff of the basis for Defendants' position, and to that extent the motion is **SUSTAINED**, and Defendants must specify the objection lodged.

<u>Request for Production 10</u>

This is not a request for production.  In this portion of Plaintiff's discovery request he directed Defendants to store and maintain video recordings of a broad range of events (Id.).  Requests for production of documents are not the proper means of asserting such a direction and the motion to compel is **DENIED**.

### Request for Production 11

Plaintiff requested production of all agreements and/or contracts regarding federal inmates. Defendants responded with reference to their general objections.  The motion is **SUSTAINED**, and Defendants must specify the objection lodged.

### Request for Production 12

Plaintiff requested any and all reports and discipline of official misconduct.  Again, Defendants referenced their general objections, and, again, the motion is **SUSTAINED**, and Defendants must specify the objection lodged.

### Request for Production 13 and 14

Plaintiff requested records of any and all grievances, disciplinary actions, and sanctions against each Defendant.  Defendants referenced their general objections.  The motion is **SUSTAINED**, and Defendants must specify the objection lodged.

### Request for Production 16

Plaintiff requested "any and all information, documents, etc., relevant to all the facts stated herein and to the Plaintiff's claims, but not yet specified or known to the Plaintiff" (Id. at PageID # 1196).  Defendants stated that they had provided the requested information in their certification of pretrial production.  In addition to relying on Defendants' representation that the information had been provided, the request is a textbook example of a request which is so vague as to be impossible to fully respond.  This portion of the motion to compel is **DENIED**.

### Requests for Admission

Plaintiff complains that the jail defendants have not adequately responded to his requests for admission.  He appears to reference a set to which Defendants responded on September 27, 2023 (DN  137-6).  He identifies the requests as numbers 1, 2, 6, 8, 9, 10, 12, 15-23.  Defendants'

responses to each of these requests was "see general objections."  As with the previously discussed

responses to requests for production, the general objections are a boilerplate litany of a broad-

range of objections and claims of privilege.

> "Requests for admission are not a general discovery device."  Misco, Inc. v. U.S.
> Steel Corp., 784 F.2d 198, 205 (6th Cir. 1986) (citing 8 C. Wright & A. Miller,
> Federal Practice and Procedure § 2253, at 706 & n.23 (1970)).  Rule 36 serves two
> vital purposes—to narrow the list of contested issues prior to trial (and thereby
> avoid wasting resources) and to elicit proof on the remaining issues.  Fed. R. Civ.
> P. 36 advisory committee's note to 1970 amendment; O'Neill v. Medad, 166 F.R.D.
> 19, 21 (E.D. Mich. 1996).
>
> Federal Rule of Civil Procedure 36 permits requests for admissions relating to a
> broad range of matters, including "facts, the application of law to fact or opinions
> about either[.]"  Fed. R. Civ. P. 36(a)(1)(A).  A party responding to a request for
> admission may (1) admit; (2) deny; (3) assert a lack of knowledge, despite
> reasonable inquiries to obtain such knowledge; or (4) object. See Id. at (a)(4)-(a)(5).
> When a party objects under subsection (4), it must state specific grounds for such
> objection. See Hammock v. Rogers, No. 1:17-cv-01939-CAB, 2018 U.S. Dist.
> LEXIS 114423, 2018 WL 3374053, at *1 (N.D. Ohio, July 10, 2018) (citations
> omitted).  Under subsection (6), a party "may move to determine the sufficiency of
> an answer or objection" to a request for admission.  Fed. R. Civ. P. 36(a)(6). Unless
> the court finds the responding party's objection is justified it must order that party
> serve an answer.  Id.  "On finding that an answer does not comply with this rule,
> the court may order either that the matter is admitted or that an amended answer be
> served."  Id.

Back v. Ray Jones Trucking, Inc., No. 4:22-CV-00005-JHM-HBB, 2023 U.S. Dist. LEXIS 22940,

at *10-11 (W.D. Ky. Feb. 10, 2023) (quoting Factory Mut. Ins. Co. v. Derby Indus., LLC, No.

3:17-CV-00198-JHM-RSE, 2018 U.S. Dist. LEXIS 245851, at *7 (W.D. Ky. Oct. 5, 2018))

(cleaned up).  Here, Defendants did not admit or deny the allegation or assert a lack of knowledge.

The only remaining permitted response is an objection stating the specific grounds.  Reference to

the general objections does not satisfy this requirement.  The motion to compel responses to the

requests for admission is **GRANTED**, and Defendants shall amend their responses accordingly.

<u>Discovery Propounded to QCC Defendants</u>

Plaintiff contends he did not receive any responses to discovery requests propounded to the QCC Defendants on July 17, 2023 (DN 120-2 PageID # 1201).  The QCC Defendants respond that they did not receive the discovery requests (DN 138 PageID # 1389).  While Plaintiff has replicated the discovery requests in his motion, the undersigned has not located any such signed and dated discovery requests anywhere in the docket, either as an exhibit to Plaintiff's motion or what were apparently intended to be exhibits at DN 121 and 122.  As Plaintiff has failed to demonstrate service of the discovery requests on the QCC Defendants, the motion regarding those Defendants is **DENIED**.

**WHEREFORE**, the County Defendants will provide supplemental responses to Plaintiff's discovery requests as outlined in this Order within 14 days.  The County Defendants will file the supplemental discovery response of record.  Thereafter, Plaintiff will have 14 days in which to file objections to the sufficiency of the responses.  Otherwise, discovery in the case is closed and no further discovery requests may be submitted.

January 9, 2024

H. Brent Brennenstuhl
**H. Brent Brennenstuhl**
**United States Magistrate Judge**

Copies to:      Lamone Lauderdale, *pro se*
                Counsel of Record