UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:22-CV-00117-JHM-HBB

LAMONE LAUDERDALE                                                    PLAINTIFF

VS.

AMY BRADY, et al.                                                        DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Before the Court is the motion of Plaintiff Lamone Lauderdale, DN 155, to reconsider a prior order ruling on a discovery motion, DN 146. Defendants have not filed responses.

To recap the proceedings leading up to Lauderdale's present motion, Lauderdale's original complaint was filed on August 25, 2022 (DN 1). The scheduling order required that he complete discovery by June 12, 2023 (DN 58). On May 18, 2023, the Court entered an Order allowing him to amend his complaint to add additional defendants and claims (DN 57). On July 13, 2023, the undersigned conducted a telephonic hearing to address several pending motions in the case (DN 82). Lauderdale had moved for an order compelling discovery, contending that Defendants' responses to his discovery requests were deficient. The undersigned concluded that, because Lauderdale was dissatisfied with the initial responses to discovery requests, he had re-propounded a largely duplicative second set. When Defendants objected on that basis, he re-propounded a third set, again largely duplicative. Of note, none of the requests or responses were filed of record for review. In the interest of simplifying the resolution of the matter, the undersigned denied the motion as moot and established a structure intended to ensure a clear understanding of the status of discovery. Lauderdale was directed to send Defendants a comprehensive list of prior discovery requests to which he believed the responses were not adequate (Id.). The undersigned emphasizes that the discovery in question was that which had *already* been propounded to Defendants named

in the original Complaint (DN 1), as discovery in the case had closed by operation of DN 58. Within 14 days of receipt of Lauderdale's list, Defendants were to respond with provisions of the information and/or objections. In the event Lauderdale was dissatisfied with the response, he was granted leave to file a motion to compel, attaching his letter to Defendants and their response (Id.). This structure did not apply to Lauderdale's claims set forth in his Amended Complaint (DN 78) against the subsequently added Defendants, for which a deadline of September 29, 2023 was set (DN 96).

The Court implemented this plan to avoid the daunting task of resolving Lauderdale's complaints about Defendants' discovery responses in light of the multiplicity of discovery requests and motions to compel, which often did not specify the question or the answer or even identify which particular discovery submission was at issue. The objective was to have Lauderdale distill all of his complaints about previously submitted discovery into a single document, which Defendants could review and then respond to. If Lauderdale was dissatisfied with the response, he was to submit his letter and the response for ruling, and all of Lauderdale's discovery requests and all of Defendants' responses would be contained in a single set of questions and answers. Lauderdale was still entitled to submit discovery requests to Defendants named in the Amended Complaint, as the deadline for discovery on those claims had not expired.

Lauderdale did not comply with the process set forth in DN 82. Instead, at DN 120, he filed another motion to compel identifying discovery requests which had been submitted on December 5, 2022 (DN 121 & 122). The undersigned ruled on the motion at DN 146, directing Defendants to provide responses to certain discovery requests no later than January 23, 2024. Lauderdale was then afforded 14 days thereafter to file objections to the sufficiency of the responses. "Otherwise, discovery in the case is closed and no further discovery requests may be

submitted" (DN 146 PageID # 1422).  On February 5, 2024, Lauderdale filed a motion for sanctions addressing what he contends are deficiencies in Defendants' responses to his discovery requests (DN 152).

Lauderdale's present motion, DN 155, seeks reconsideration of DN 146, which ruled on his motion to compel.  Lauderdale argues that, in issuing DN 146, the Court denied him an opportunity to file replies to Defendants' responses to his motions to compel which had been granted in DN 145.  Extensions had been granted in DN 145, however, as that Order notes, Lauderdale had filed his replies.  Lauderdale's contention that he was precluded from the opportunity to fully brief his motions is incorrect.

Turning to the substance of Lauderdale's motion to reconsider, he presents it under Fed. R. Civ. P. 59(e).  However, that rule addresses motions to alter or amend a judgment.  DN 146 is an Order ruling on a motion to compel.  DN 146 is not a judgment, and Rule 59(e) is not applicable.  However, such motions to reconsider an interlocutory order are generally evaluated under the same standards.  See Sparks v. Fifth Third Mortg. Co., No. 5:17-450-KKC, 2019 U.S. Dist. LEXIS 121544, at *4 (E.D. Ky. July 22, 2019).

> Motions to reconsider are only granted if there was (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.  Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005).  A motion to reconsider "is not an opportunity to re-argue a case," and it "cannot be used to present new arguments that could have been raised prior to judgment."  Howard v. United States, 533 F.3d 472, 475 (6th Cir. 2008).  When a motion to reconsider is based exclusively on legal arguments or evidence that could have been raised prior to the original entry of judgement, it should be denied.  See Bingham v. Insight Communs. Midwest, LLC, No. CIV.A. 12-113-DLB, 2012 U.S. Dist. LEXIS 158275, 2012 WL 5392635, at *1 (E.D. Ky. Nov. 5, 2012).  Motions to reconsider "must either clearly establish a manifest error of law or must present newly discovered evidence."  Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC, 477 F.3d 383, 395 (6th Cir. 2007).
>
> . . . .

> A "manifest error" is the "wholesale disregard, misapplication, or failure to recognize controlling precedent on the part of the court." Dorger v. Allstate Ins. Co., No. CIV.A. 2:08-56-DCR, 2009 U.S. Dist. LEXIS 61686, 2009 WL 2136268, at *2 (E.D. Ky. July 16, 2009) (citing Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000)). The movant must establish that the Court's error was "so egregious that an appellate court could not affirm the judgment." 2009 U.S. Dist. LEXIS 61686, [WL] at *2.

Sparks, 2019 U.S. Dist. LEXIS 121544 at *4-5. Lauderdale's motion to reconsider does not argue newly discovered evidence dictates a different outcome. Nor does he contend the Court misapplied the appropriate legal standard in ruling on the motion. Rather, his motion is an attempt to re-argue his motion to compel. Where a party re-argues the basis for its previous motion, the party is not entitled to relief. See Class Racing Stable, LLC v. Breeders' Cup, Ltd., No. 5:16-200-DCR, 2018 U.S. Dist. LEXIS 106497, at*2-3 (E.D. Ky. June 26, 2018).

**WHEREFORE**, Plaintiff's motion for reconsideration, DN 155, is **DENIED**.

March 25, 2024

*[signature: H. Brent Brennenstuhl]*

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

Copies to:   Lamone Lauderdale, *pro se*
             Counsel of Record

4